On Application for Rehearing.
The syndics and heirs of S. Levy, Jr., the latter claiming to be the mortgage creditors of S. J. Zeigler, press with great earnestness an application for rehearing, the principal point of which is that the hpirs of S. Levy, Jr., have a prior mortgage on the property known as Buck Hall.
They aver that S. J. Zeigler acquired this property at the succession sale of Vance, in 1891; that he afterwards sold the south half of this, (the Buck Hall place) to S. W. .Vance; and that at the same time, with the authority of a family meeting, he also sold to S. *1460 W. Vance the interest, in this property of the minor heirs of Mrs. Sallie E. Zeigler, who are plaintiffs here; that shortly afterwards S. "W. Vance mortgaged this property to N. E. Thompson; that he also executed a second mortgage, subsequent in date, to S. Levy, Jr., to secure a note for nine thousand dollars. S. Levy foreclosed and bought in the property at sheriff’s sale, subject to Thompson’s mortgage, and afterwards S. Levy. Jr., sold the property to Zeigler for nine thousand dollars, for which Zeigler executed his note, secured by mortgage and vendor’s privilege on the property, which notes are held by the Levy heirs.
Buck Hall plantation was originally owned by S. W. Vance, father of Sallie Vance, late wife of Zeigler.
In this suit, plaintiffs claim that their father, S. J. Zeigler, was indebted to his wife, Sallie Vance, in the sum of nineteen thousand, four hundred and ninety dollars for separate funds of their mother used by him for the benefit of the community. They ask for judgment for that sum with the recognition of a prior mortgage on all property belonging to the community at the death of their mother.
The court has passed upon the claims aggregating the sum just stated. As relates to that amount, we have found no error. We think that the evidence in its support was properly admitted and that it sustains the claim.
This court will not undertake, at this time and on the issues before it, to pass upon the priority of the mortgage claimed by the heirs of Levy, Jr. The property will have to be sold and the proceeds applied in accordance with the rights of the interested parties. It will be time enough to settle the interests of each of the parties interested in proper proceedings hereafter, either in an opposition or in'any other suit, just as the interested parties may choose.
It is therefore ordered, adjudged and decreed that our former judgment affirming the judgment of the District Court remain undisturbed, except as hereinafter set forth.. As to the rank of the mortgage and the .vendor’s privilege claimed by the heirs of Levy, Jr., and the mortgage of the Zeigler heirs, the latter is left open to be determined in a contest between the said interested parties over the proceeds of the said property, which is to be sold, or in such other action under the law as the parties may institute. Appellee to pay costs of appeal. With this modification the rehearing is refused.